UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ANTHONY BROWN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12-CV-123-KSF |
| ) | |
| V. ) | |
| ) | |
| UNIVERSITY OF KENTUCKY ) | |
| COMPREHENSIVE ASSESSMENT & ) | **MEMORANDUM OPINION** |
| TRAINING SERVICES, *et al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Anthony Brown has filed a "Motion to Reconsider" [R. 26] the Memorandum Opinion and Order and Judgment dismissing his 42 U.S.C. § 1983 civil rights complaint. For the reasons set forth below, Brown's motion will be denied in all but one respect.

## BACKGROUND

In April 2012, Anthony Brown, on behalf of himself and his minor children, filed an original and amended civil rights complaint. [R. 1, 11] Brown alleged that on August 25, 2010, and on September 17, 2010, Greenup Circuit Judge Jeffrey L. Preston issued orders in two related state court proceedings directing the Kentucky Cabinet for Health and Family Services ("the Cabinet") to take custody of his minor children and place them in foster care. Brown contended that the actions of Preston and sixty-four other defendants involved in the placement of his children in foster care violated his and his children's rights guaranteed under the federal and Kentucky constitutions, and that the defendants committed various torts arising under state common law.

Because Brown was granted pauper status, the Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2), and on March 13, 2012, entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment dismissing the case. [R. 24 and 25] The Court determined that the conduct about which Brown complained occurred - at the latest - on September 17, 2010; that under applicable Sixth Circuit case law, Kentucky's one-year statute of limitations for bringing general personal injury actions, Ky. Rev. Stat. § 413.140(1)(a), applies to claims alleging constitutional torts committed in Kentucky; that Brown did not file this § 1983 action until April 25, 2012; and that Brown's federal civil rights claims were therefore time-barred.

In his Rule 59(e) motion seeking reconsideration of the Opinion and Order, Brown argues that because he alleged that the defendants committed fraud during the state court proceedings, Kentucky's five-year limitations period applicable to fraud claims, Ky. Rev. Stat. § 413.120(12), applies to his claims, and his complaint was therefore timely filed. Brown also argues that the defendants waived the statute of limitations defense by not raising it in their responsive pleadings. Finally, Brown challenges a footnote in the Opinion and Order which stated that the doctrines of judicial immunity, sovereign immunity, and social worker immunity would have also barred his § 1983 claims.

While Brown's Rule 59(e) motion was pending, Brown filed a Notice of Appeal on April 9, 2013. [R. 27]

## DISCUSSION

The first issue to be resolved is whether this Court has jurisdiction over this action now that Brown has filed a Notice of Appeal. The filing of a Notice of Appeal generally divests the district court of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Pittock*

*v. Otis Elevator Co.*, 8 F .3d 325, 327 (6th Cir. 1993). However, where the notice is filed while a timely Rule 59(e) motion is pending, the notice has no effect and is a "nullity." *United States v. Real Property Located at U.S. Highway S.*, 23 F. App'x 523,526 (6th Cir. 2001); *Meyers v. Hurst*, 7 F.3d 234, 234 (6th Cir. 1993); *Young v. Rochte*, 791 F.2d 936, 1986 WL 16969 at *1 (6th Cir. April18, 1986) (Table). Here, Brown filed his Rule 59(e) motion seeking reconsideration/relief from judgment on March 25, 2013. [R. 26] Brown did not file his Notice of Appeal until April 9, 2013. [R. 27] Thus, the Notice of Appeal has no effect and this Court retains jurisdiction to entertain Brown's Rule 59(e) motion. The Court now addresses the merits of Brown's motion.

Federal Rule of Civil Procedure 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See also ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999). Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).

### 1. Statute of Limitations

Brown is not entitled to relief under Rule 59(e) because the Court correctly concluded that his federal civil rights claims are time-barred under § 413.140(1)(a). Brown notes that a plaintiff can assert a claim of common law fraud under Kentucky law within five years after the fraud is discovered. Ky. Rev. Stat. Ann. § 413.120(12), § 413.130(3). But Brown did not assert a Kentucky law fraud claim under the Court's diversity jurisdiction, 28 U.S.C. § 1332; instead, he repeatedly

3

asserted federal civil rights claims[1] governed by Kentucky's one-year statute of limitations. *Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001) ("[T]he applicable statute of limitations [in Kentucky] for any claim arising under either Section 1983 or 1985(3) is one year."); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (applying Kentucky's one-year statute of limitations to a § 1983 cause of action).

In *Yandal v. City of Mayfield*, No. 5:10CV-P92-M, 2011 WL 1838622, at *1 (W.D. Ky. May 13, 2011), the plaintiff sued the defendants under § 1983, and the district court dismissed the claims as time- barred under Kentucky's one-year statute of limitations applicable to personal injury actions. *Id*. at *1. Just as Brown currently asserts in his Rule 59(e) motion, Yandal also argued that because he had alleged "fraud" in his § 1983 complaint, the district court erred by not applying Kentucky's five year statute of limitations governing fraud claims, and by dismissing his claims as time-barred. *Id*. The district court rejected that argument, stating:

> "While fraud may have been the basis of his [Yandal's] federal claims, 'fraud' itself is not a federal cause of action. Rather, Plaintiff brought his federal fraud (fabrication of probable cause) claim under §§ 1983 and 1985, to which Court correctly applied the one-year limitations period in Ky. Rev. Stat. § 413.140(1). *See Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001)...."

---

[1] *See* Complaint, [R. 1, pp. 61-66, alleging " Violation of Civil Rights Under 42 U.S.C. § [1983] and the 14th Amendment to the Constitution of the United States;" pp. 67-68, alleging "Violation of Civil Rights Under 42 U.s.c. [sic] § 1983 and the Fourteenth Amendment to the Constitution of the United States, Equal Protection"]; *see also* Amended Complaint [R. 11, p. 3, invoking 42 U.S.C. § 1983, 1985 and 1986 as jurisdictional bases, at pp.107, 109, 112-13; 115, 117; 119; 121; 124; 126; 129; 131; 134; 136; 138; 141-42; 144; and 146].

*Yandal*, 2011 WL 1838622, at *1.  *Yandal* establishes that Brown's argument for relief is without merit - merely characterizing the defendants' actions as fraudulent does not convert his action, filed under § 1983, into a state law fraud claim to which Kentucky's five year limitations period applies.[2]

Brown next argues that the Court lacked authority to dismiss his claims as time-barred because the five defendants who had counsel did not raise a statute of limitations defense.  Brown's argument ignores the fact that he was granted pauper status under 28 U.S.C. § 1915, and that as a result, the Court was *required* to screen his entire complaint and dismiss any facially frivolous claims or claims which failed to state a claim upon which relief could be granted.  Additionally, the screening process also involved assessing whether the claims asserted against the other sixty defendants who had not answered the complaint and amended complaint were either facially frivolous or lacked any legal basis.

In the Opinion and Order, the Court cited cases which hold that during the § 1915 screening process, a district court can, on its own, dismiss a claim where it is clear from the face of the complaint that the claim is time-barred under the applicable statute of limitations.  [*Id.*, at pp. 12-13] Further, the Court cited cases wherein district courts dismissed claims as time barred where some, but not all, defendants had raised the statue of limitations defense, but it applied with equal force to the other defendants who had not raised it.  [*Id.*, pp. 13-14 (citing cases)]  That was the posture in this action; as for the sixty defendants who had not answered the complaint and amended complaint,

---

[2] In the Opinion and Order, the Court also cited numerous cases which held that where the plaintiffs alleged that state officials had violated their various federal constitutional rights by taking custody of their children and placing them in foster care, the plaintiffs had one year from the date their children were first taken from their custody in which to file suit under § 1983.  [R. 24, pp. 9-12 (citing cases)]  Brown's argument that a five-year statute of limitations should apply simply ignores this precedent.

5

Brown's claims were facially time-barred, and by necessity, so were the same claims Brown asserted against the five defendants who did answer his complaint and amended complaint. For these reasons, the Court properly dismissed Brown's § 1983 claims on statute of limitations grounds.

Having determined that Brown's § 1983 claims were time-barred, the Court then declined to exercise subject matter jurisdiction to consider Brown's pendent state law claims. As Brown notes, however, he could conceivably file suit in state court on his state law fraud claims. The Court will therefore amend the Opinion and Order to reflect that Brown's fraud claims are dismissed *without* prejudice to his pursuing same in state court if he chooses.

### 2. Immunity Doctrines

In a footnote to the Opinion and Order, the Court noted that the doctrines of judicial, sovereign, and social worker immunity would also have precluded Brown's § 1983 claims. [R. 24, p. 14, n.3] Brown objects to that conclusion, arguing that Preston acted beyond the scope of his legal authority; that social workers do not enjoy any type of immunity; and that the state and county defendants are not entitled to immunity. His arguments lack merit.

Brown alleged Preston maliciously deprived him of due process of law in both the divorce proceeding and in the subsequently filed foster care proceedings, but judges are generally absolutely immune from civil suits for monetary damages. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Absolute judicial immunity attaches only to actions undertaken in a judicial capacity. *See Barnes*, 105 F.3d at 1116. Whether an act is judicial depends on the nature and function of the act, not the act itself. *Id*. In examining the

functions normally performed by a judge, courts have found that judicial acts involve resolving disputes between parties who have invoked the jurisdiction of the court. *Id.*

In his complaint, Brown alleges that in 2007, his former spouse initiated a divorce proceeding against him in the Greenup Circuit Court. Kentucky has adopted the Uniform Child Custody Jurisdiction and Enforcement Act, Ky. Rev. Stat. 403.800-880, under which the state having original jurisdiction over a custody matter retains exclusive, continuing jurisdiction over all custody matters even when the child has acquired a new home state as long the child and at least one parent maintains substantial connections with the state. *See* Ky. Rev. Stat. § 403.824; *Walsh-Stender v. Walsh*, 307 S.W.3d 127, 130 (Ky. App. 2009); *Wallace v. Wallace*, 224 S.W.3d 587 (Ky. App. 2007). At the time relevant to this action, Elizabeth Brown lived in Kentucky and the children maintained substantial connections to Kentucky.

Preston did not act in "complete absence of all jurisdiction," by entering the orders on August 25, 2010, in the divorce proceeding, and on September 17, 2010, in the Foster Care Proceedings. Preston had statutory authority to enter the *ex parte* emergency custody order on August 25, 2010, removing the children from both parents' custody and placing them in the Cabinet's custody, based on the Cabinet's allegations the children were in immediate danger and that both parents had either failed or refused to provide for their children's needs and safety. *See* Ky. Rev. Stat. §§ 620.060(1) (authorizing temporary *ex parte* emergency custody orders when the court has reason to believe certain conditions exist if allegations are supported by affidavit or by recorded sworn testimony); 620.060(1)(c) (authorizing emergency removal if the child is in immediate danger due to the parent's failure or refusal to provide for the child's safety or needs); 620.060(2) (authorizing emergency placement with "...any other appropriate person or agency including the cabinet"). Further, Ky. Rev.

Stat. § 620.060(1) provides that "[t]he court for the county where the child is present may issue an *ex parte* emergency custody order when it appears to the court that removal is in the best interest of the child....," indicating that an emergency custody order is not premised on a finding that the child resides in Kentucky.

Preston again had statutory authority to enter the custody order September 17, 2010, placing Brown's children in temporary foster care. *See* Ky. Rev. Stat. 620.090(1) ("If, after completion of the temporary removal hearing, the court finds there are reasonable grounds to believe the child is dependent, neglected or abused, the court shall issue an order for temporary removal and shall grant temporary custody to the cabinet or other appropriate person or agency."). Preston was unquestionably acting in his judicial capacity when he entered the orders of August 25, 2010, and September 17, 2010, in the divorce proceeding, and he was plainly not acting in the "complete absence of all jurisdiction."

The fact that Brown claims that Preston allegedly relied on false or incorrect information, that Preston allegedly had *ex parte* conversations with a Cabinet official, and that Preston was allegedly motivated by malice or corruption when he entered both orders, does not deprive Preston of absolute judicial immunity which shields him from liability in this § 1983 proceeding. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority...." *Stump v. Sparkman*, 435 U.S. 349, 356-359 (1978). An act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir. 1988) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

8

Further, entering the order on August 25, 2010, did not deprive Preston of judicial immunity, despite the Cabinet's alleged failure to comply with the 72-hour notice and hearing requirements of Ky. Rev. Stat. §§ 620.040(5) and 620.080, and/or the fact that the emergency custody order may have continued in effect longer than the time prescribed in Ky. Rev. Stat. 620.060(3), because judicial immunity applies even if the exercise of a judge's authority "...is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 356. Because Preston was exercising the authority of the court to enter both orders about which Brown complains, he would enjoy absolute judicial immunity from Brown's § 1983 claims.

The various workers Brown named as defendants in this proceeding, Vanessa Fannin, Misty J. Monn, Elizabeth Strong, Rebecca Shutt, Lisa Michelle Brammer, Chester Herbert, and Brandy Brown, would also enjoy immunity from suit in their individual capacities. The Sixth Circuit has repeatedly held that social workers are absolutely immune for actions that are "intimately associated" with the judicial phase of proceedings relating to the welfare of the child, *i.e.*, advising a court about the best interests of the child, even if they were incorrect in their assessments. *See Pittman v. Cuyahoga County Dep't of Children & Family Services*, 640 F.3d 716, 724-25 (6th Cir. 2011); *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir. 2001); *Sayler v. Patrick*, 874 F.2d 374, 377-78 (6th Cir. 1989); *Achterhof v. Selvaggio*, 886 F.2d 826, 830 (6th Cir. 1989); *see also Robinson v. Ingham County Family Independence Agency*, No. 1:05-cv-436, 2005 WL 1907526, at *4 (W.D. Mich. Aug. 10, 2005).

The federal constitutional claims which Brown asserted against the numerous state and county defendants in their official capacities would also be dismissible because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits for

9

money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Yanero v. Davis*, 65 S.W. 3d 510, 518 (Ky. 2001) (a public officer who is sued in his official capacity is afforded the same immunity as the pertinent governmental entity).

Finally, as to the other criteria set forth in Rule 59(e), Brown does not point to an intervening change in the law nor previously unavailable or newly discoverable evidence which would warrant altering or amending the Opinion and Order. Brown has not established that the dismissal of his complaint results in manifest injustice as he may pursue his fraud claims against the defendants in state court if he chooses to do so. For these reasons, the Court will not reconsider, amend, or set aside the Opinion and Order dismissing Brown's § 1983 complaint.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Anthony Brown's "Motion to Reconsider" [R. 26] is **GRANTED IN PART** and **DENIED IN PART**.

2. The March 13, 2012, Memorandum, Opinion and Order [R. 24, at p. 14; p. 15; ¶7] is **AMENDED** to reflect that Anthony Brown's state law fraud claims are dismissed *without* prejudice to his pursuing such claims in state court.

3. The Clerk of the Court shall transmit a copy of this Memorandum Opinion and Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This April 18, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge